UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 26-mj-61 (JMB/DLM) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **HELICITY BOROWSKA'S MOTION** |
| v. | ) | **TO DISMISS FOR LACK OF** |
| HELICITY BOROWSKA, | ) | **PROBABLE CAUSE** |
| | ) | |
| Defendant. | ) | |

Helicity Borowska, by and through his attorney, moves this Court, to dismiss the information for lack of probable cause.

On January 16, 2026, Customs and Border Protection Officers and a Federal Protective Services Inspectors were performing crowd control around the Henry Whipple Building. While law enforcement was attempting to push back the crowd, the Government alleges Mr. Borowska spit at Customs and Border Protection Officers and a Federal Protective Services Inspector. Thirty minutes later law enforcement entered the crowd and arrested Mr. Borowska. During her arrest the Government alleges he again spat at Customs and Border Protection Officers and a Federal Protective Services Inspector

Mr. Borowska recognizes that an information, like an indictment, generally cannot be challenged for lack of probable cause. *United States v. Funk*, 412 F.2d 452, 455 (8th Cir. 1969). However, courts also recognize that at times the presumption of probable cause can be set aside when "no reasonable construction can be said to charge the offense." *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). This is such a case.

1

The information in this case charges a single count violating 18 U.S.C. § 111(a)(1). (ECF No. 16).   The Eighth Circuit model instruction 6.18.111 provides the following elements for Count 1:

One, that the defendant forcibly assaulted, in this case Customs and Border Protection Officers and a Federal Protective Services Inspector;

Two, the assault was done voluntarily and intentionally; and

Three, at the time of the assault, Customs and Border Protection Officers and a Federal Protective Services Inspector were doing what they were employed by the federal government to do.

An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

"Forcibly" means by use of force.  Physical force is sufficient but actual physical contact is not required.  A person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person acts forcibly.  In such a case, the threat must be a present one.

In this case, there is no evidence that Mr. Borowska committed an assault to the "person of another".  There is simply no evidence the Government can produce in this case that establishes probable cause that any Customs and Border Protection Officers and/or a Federal Protective Services Inspector suffered an injury or that a reasonable law enforcement officer would have been in fear of immediate bodily harm.  Mr. Borowska

recognizes that he is asking the Court to take the rare step to look past the charging document and examine probable cause, but in this case the facts simply do not establish probable cause of a violation of section 111(a)(1).  At the motion hearing Mr. Borowska will offer evidence in the form of an audio/video exhibits to support his motion.

Dated:  March 16, 2026.  Respectfully submitted,

*s/ Aaron J. Morrison*

AARON J. MORRISON
Attorney ID No. 0341241
Attorney for Mr. Borowska
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415