UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-61 (JMB/DLM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HELICITY BOROWSKA,

        Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion to Dismiss for Lack of Probable Cause (ECF No. 26).  The Government opposes this motion for the reasons set forth below.

Borowska moves this Court to dismiss the information for lack of probable cause alleging that "there is no evidence that Mr. Borowska committed an assault to the "person of another", and that "there is simply no evidence that establishes probable cause that…suffered an injury or that a reasonable law enforcement officers would have been in fear of immediate bodily injury." (ECF No. 26). Borowska's motion fails, however, because as a

matter of law, they are not entitled to challenge the information based on an alleged lack of probable cause.

Federal Rule of Criminal Procedure 12 governs pretrial motions in a criminal case. Rule 12(b)(1) provides that a party may raise by pre-trial motion any defense that "the court can determine without a trial on the merits." Under Fed. R. Crim. P. Rule 12(d), the court must resolve every pretrial motion before trial "unless it finds good cause to defer a ruling" and deferral will not adversely affect a party's right to appeal." Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that "fall [] within the province of the ultimate finder of fact." *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016). Furthermore, there is no procedure in federal criminal cases equivalent to the motion for summary judgment in civil cases, and the government has no duty to reveal all of its proof before trial. *United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025) (citing *United States v. Nabors,* 45 F.3d 238 (8th Cir. 1995)). Permitting summary judgment like motions under Fed. R. Crim. P. 12(b) would enable an end-run around the calibrated framework for discovery in criminal cases. *Id.* at 607. Therefore, Rule 12 permits pretrial resolution of a motion to dismiss the indictment ***only when*** "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* (quoting *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir.

2010)). In considering a motion to dismiss, a district court may not "make factual findings when an issue is inevitably bound up with evidence about the alleged offense itself." *Id.* (citing *Turner*, 842 F.3d at 605).

Here, Borowska argues that in this case "there is no evidence that Mr. Borowska committed an assault to the "person of another", and that "there is simply no evidence that establishes probable cause that...suffered an injury or that a reasonable law enforcement officers would have been in fear of immediate bodily injury." (ECF No. 26). This argument invites the Court to take up the mantle of the ultimate factfinder in the case and engage in precisely the kind of summary judgment-like procedure that the Eighth Circuit has said is not available in criminal cases. Indeed, Borowska moves this court to be the finder of fact, and determine the mental state of the officers, whether the alleged conduct occurred or not, the severity of it and whether the defendant's actions meet the elements of the crime charged. This is a matter for the fact finder.  Because Borowska's motion would require this court to resolve factual issues and therefore would require it to conduct a trial on the merits, contrary to Fed. R. Crim. P. Rule 12(b) and (d) this motion should be denied. *See Grubb*, 135 F.4th at 607.

Moreover, the Eighth Circuit has recognized that an Information generally cannot be challenged for lack of probable cause. *See United States v. Funk*, 412 F.2d 452. 455 (8th Cir. 1969). Indeed, by the use of the information

3

for lesser crimes, ***the issues of probable cause and guilt become merged and tried together***. *Id* at 455. (emphasis added). Borowska' motion cites no authority to the contrary.

Finally, the Government also notes that Judge Elizabeth Cowan Wright found probable cause to support the charges against the defendant by signing the complaint against Borowska, *see* ECF No. 1, and thus, this court has already found probable cause.

### CONCLUSION.

Based on the foregoing, the United States respectfully requests that the Court deny Borowska's Motion to Dismiss for Lack of Probable Cause.

Dated: March 30, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/John R. Arboleda*

BY: John R. Arboleda
Special Assistant U.S. Attorney

4